**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 96-4408

DWIGHT MASON,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-90-123)

Submitted: October 17, 1996

Decided: October 29, 1996

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mark E. Kinley, STEPTOE & JOHNSON, Wheeling, West Virginia,
for Appellant. William D. Wilmoth, United States Attorney, Sam G.
Nazzaro, Assistant United States Attorney, Wheeling, West Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Dwight Mason appeals the district court's order revoking his term of supervised release and imposing a sentence of eight months imprisonment. He contends that the court clearly erred in finding that he used cocaine based on a positive drug test. On a finding that the defendant violated the conditions of his supervised release by unlawfully possessing drugs, revocation of supervised release and imposition of a prison term is mandatory. 18 U.S.C.A.§ 3583(d) (West Supp. 1996). Finding no error, we affirm.

Mason admitted that he violated supervised release by failing to submit to urinalysis on several occasions, violating the law,[1] and leaving the district of supervision without permission. He denied using cocaine despite testing positive for cocaine use on December 1, 1995, and offered various explanations for failing to attend drug counseling sessions regularly. The district court found that Mason had used drugs without authorization, a grade B violation. As a result, his revocation range (with criminal history category III) was 8-14 months. USSG § 7B1.4, p.s.[2] The district court imposed the minimum term of imprisonment.

On appeal, Mason argues that the government failed to prove that the initial positive drug test was subsequently confirmed by an alternate testing procedure as required under § 3583(d) when a defendant who is subject to possible imprisonment denies the accuracy of the test. At the sentencing hearing, the probation officer was unable to

_____

[1] Mason was cited in Ohio for hit and skip, leaving the scene of an accident, and following too close. He informed the court that he pled guilty to following too close and the other charges were dismissed.
[2] United States Sentencing Commission, Guidelines Manual (Nov. 1995).

2

state that such confirmation had taken place. However, the court found that the appropriate testing regimen was followed. The report from PharmChem Laboratories which was submitted as a government exhibit discloses that the initial EMIT test was followed by a gas chromatography confirmation test, exactly the procedure called for in the statute.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED